FROM FRANKLIN.
No. 1. In favor of the State Bank, against Thomas Yarborough, Lark Fox and James C. Jones, issued 17 March, 1828.
No. 75. In favor of the same plaintiff, against Thomas Yarborough and Henry Y. Houze, issued 4 April, 1828. (24)
No. 76. In favor of Samuel Robinson, against Thomas Yarborough, also issued on 4 April, 1828.
No. 10. In favor of Richard F. Yarborough, against Thomas Yarborough, issued 27 March, 1828.
No. 8. In favor of Sylvester Sledge, against Thomas Yarborough, issued 27 March, 1828.
All of these were original writs, except No. 10, which was an alias fi.fa. the original of which had been returned "too late to hand." At the same time the sheriff had in his hands two alias fi. fas. in favor of Nathan Perry, issued by a justice of the peace on 16 May, 1828, and returned as levied upon a colt, which was sold for $25, to the plaintiff *Page 18 
in the execution. The last mentioned writs were founded on two fi. fas. issued 18 February, 1828, which were returned "levied 19 February, 1828, on one negro man Edmund, and on 12 May, 1828, on a wagon and colt."
On these several writs, the sheriff made the following return: "All the above writs of fi. fas. (setting them out specially) came into my hands before I took any steps on any of them. No. 1, the first, No. 10 next, No. 8 next, Nos. 75 and 76 together, and before I levied. With all of them in my hands, I was requested by Lark Fox and James C. Jones to seize upon the property of Thomas Yarborough, to satisfy the execution No. 1, and to induce me to do so, they gave me an indemnity on 1 April, 1828, and accordingly on 4 April, 1828, I seized the following negroes, having in company with Fox and Jones, spent several days in pursuit of them." (The return then set forth the names of the negroes, and the result of the sales, showing the sum of $615 as all received, which was paid into Court, but was far short of the (25) aggregate amount of the executions, and that no other property of the defendant was to be found.) The sheriff then returned that "without an indemnity," I should not have levied any of the aforesaid executions on the said negroes, because they were claimed by J. L. as a trustee.
On the day of sale, Lark Fox and James C. Jones called out aloud, and expressed a willingness that any other persons might join in the indemnity who pleased. No one did join. Whether the plaintiffs were present or not I cannot say, but I think they were not, except D. M. Lewis, the agent of R. F. Yarborough, who refused to enter into the general indemnity given by Fox and Jones, but offered an indemnity for selling to the amount of R. F. Yarborough's execution. At the time of the above levy I had in my hands the two executions herewith returned, issued by a justice of the peace (those set forth above); with them I also return the sum of twenty-five dollars, and submit the whole case to the Court."
On a rule obtained by R. F. Yarborough and Nathan Perry, the County Court directed the sum of six hundred and fifteen dollars paid into office by the sheriff, to be applied exclusively to the satisfaction of execution No. 1, and the sum of twenty-five dollars made by the sale of the colt, to be applied exclusively to the satisfaction of R. F. Yarborough's execution (No. 10); from which judgment R. F. Yarborough and Nathan Perry appealed to the Superior Court.
On the last fall circuit, his Honor, Judge NORWOOD, reversed this judgment, and directed that the money paid into the office by the sheriff should be applied first to the satisfaction of the execution in favor of *Page 19 
Richard F. Yarborough (No. 10), next to the two executions issued by the justice in favor of Nathan Perry, and that any balance should be applied ratably to the discharge of all the other executions. From this judgment, the president and directors of the State Bank appealed to this Court.
I understand very distinctly from the sheriff's return, taking it all together, that he raised the money brought into Court, except twenty-five dollars, upon the execution in which he was indemnified in acting by Fox and Jones, and which he identifies in the return as No. 1. For although he sets out at large all the executions which came into his hands, he expressly says that he required an indemnity before he would act in any, and that when he did act it was in consequence of the indemnity. Thus, in my opinion, he exclusively appropriated the proceeds of the property seized to that execution under which he declares that he acted; and that as to the other executions he returns that he found no property of the defendant Yarborough wherewith to satisfy them. We can in no other sense understand his return; for he still holds to his indemnity, which he cannot do without thus appropriating the money. To make his return consistent throughout we must so understand him; and if it be false as to the other executions he is liable for its falsity to the plaintiffs in them; and if subjected, according to his own declarations, he will have no right to complain, for he expressly says that had he not been indemnified he would not have seized the property which produced the six hundred and fifteen dollars. He will then be placed in the situation in which he would have placed himself, as he says, but for the indemnity, and as the indemnity given by Fox and Jones put him in action, it is but fair to give them on whose behalf they acted the benefit of that action. In cases where the sheriff has in his hands more than one execution it is certainly (28) competent for him to act under either, and subject himself for an improper preference. In this case the sheriff has attempted to retain his indemnity, and not to secure to those who indemnified him the benefit which was to result to them, as he still clings to the indemnity, and will not appropriate the proceeds of those acts, which he acknowledges arose solely from it, to the benefit of those who gave it. I wish to express no opinion, whether the sheriff can even in cases of doubt and difficulty require an indemnity: whether he is not bound to act at his *Page 20 
peril. It is sufficient that in this case he has accepted and acted under one.
As to the indemnity offered by Lewis as agent of R. F. Yarborough, it is sufficient to say, as far as these appellants are concerned, that it was not given. As to the twenty-five dollars, I think that it should be applied to the alias execution in favor of R. F. Yarborough, for although the original execution issued too late to enable the sheriff to act under it, yet I think that it created a lien on the goods from the teste, according to the decision of this Court in the case of Brasfield v. Whitaker, which lien was continued by the alias. Although there is something like an appropriation by the sheriff of this money to the justice's executions — for he returns it with them — yet it is not sufficiently explicit to warrant us in saying that he has done so; for I infer that he has left that matter to the Court. The priority acquired by the levy of the first justice's execution I think was lost by taking out another generalfi. fa.