RufpiN, C. J.
 

 The case turns upon the operation of the original
 
 fieri facias.
 
 For, if that created a lien on this property, it was preserved by the alias writs, which regularly issued, and related to the teste of the first writ.
 
 Brassfield
 
 v.
 
 Whitaker,
 
 4 Hawks. 309.
 
 Arrington
 
 v.
 
 Sledge,
 
 2 Dev. 359. This is so even against another execution.
 
 Yarborough
 
 v.
 
 State Bank,
 
 2 Dev. 23. That a
 
 fieri facias
 
 binds the property of the debtor, so as to avoid any alienation by him, after the teste, is, as a general rule, so undoubtedly true, as to need no authority to support it. The cases, however, of
 
 Stamps
 
 v.
 
 Irwine,
 
 2 Hawks, 232, and
 
 Finley
 
 v.
 
 Lea,
 
 4 Dev. & Bat. 169, maybe mentioned, in which the point was directly decided in ejectment and trover ; and there are many other cases both here, and in England, at common law. , It lies then on the plaintiff to shew an exception to the rule which will cover this case. No direct decision has been adduced to support such an exception ; nor, as it seems to us, any reasons offered, on which it can be established.
 
 *66
 
 The most plausible mode of putting the argument is, that both sales, that under the decree for partition, and that under the execution, are judicial sajes; and therefore that the former, having been first ordered and first made, must be held effectual. It is true that in some instances of sales under the process of the law, that, which is first made, will, for that reason, be upheld. For example, if property be taken under
 
 one fieri facias,
 
 and then another Qf prior teste come to the sheriff’s hands, it is- his duty to sell, and apply the money to that of the elder teste ; yet», if there had been a sale, under the execution of the younger teste, before the other was delivered, the sale would be good and the money applicable to the writ on. which it was raised. Nay, if the creditor in an execution of older teste deliver it to the sheriff, but by directions
 
 to
 
 him prevents it from being acted on, it will not hinder the sheriff from proceeding. Iq sell the debtor’s property under a junior execution, and applying the pro. ceeds to it.
 
 Green
 
 v.
 
 Johnson, 2
 
 Hawks. 309.
 
 Palmer
 
 v.
 
 Clark,
 
 2 Dev. 354. In those cases, however, it is to be remarked, that there are the meritorious claims, of. creditors on both sides. If one of them will not sue out his execution, or will not
 
 sell on
 
 it, another ought not to be hindered from doing so, but he shall be at liberty to sell, and a purchaser under his execution is armed with the rights of the creditor and gains a title, which the-Other creditor cannot defeat by his execution of older t.este. The reason of that is, that the law will not allow ijs process of execution to be obstructed, even by a like procession which the party will not act; and therefore it holds it to be a fraud in a creditor, who is entitled to a preferable execution, if he uses it to protect the debtor’s property from other, executions, instead of raising his own. debt, by a sale, and leaving the residue of the property accessible to others.
 
 Palmer
 
 v.
 
 Clark. Ricks
 
 v.
 
 Blount,
 
 4 Dev. 128. But this reasoning has no application to an alienation by the debtor himself: for that, on the other.,
 
 *67
 
 band, is considered a fraud by the debtor, as tending to 'defeat the process of the law for the recovery of judgment debts ; and the purchaser is regarded in like man» ner, because, from necessity, the rule, as to him, is
 
 caveat efnptor. Finley
 
 v.
 
 Smith,
 
 2 Ired.
 
 225.
 
 That may work a hardship in cases of actual innocence in the purchaser. Hence, the law was altered in England by the statute of frauds. But, it may be remarked, that even changes only the period, to which the lien relates, from the teste to the delivery of the writ — still creating a lien before the seizure of the property, and therefore, still applying the toaxim
 
 caveat emptor.
 
 Bat we have no such statute, and the common law is still in force. Then, the enquiry is, whether a sale of this kind, though made under the authority of a decree, is, in respect of an execution, to be treated as if it were a sale under execution, or is to be regarded as an alienation by the party. It seems to the Court, that it cannot be likened to the sales under execu’tion, of which we have been speaking ; but that it partakes essentially of the latter character. There is, by the decree, no recovery of the property by one person from another, nor is there a sale for the benefit of a creditor ; whereby the property, or its value is taken in
 
 invito.
 
 But the whole proceeding is at the instance of the owner, and for his benefit in effecting partition. It is in reality, but a mode of sale, by the owner himself.
 
 Smith
 
 v.
 
 Brittain,
 
 § Ired. Eq. 347. If the owners be all of age, they can sell of themselves ; and such a sale, though for the purpose of division, would not impair the lien of a
 
 fieri facias.
 
 The
 
 Act, Rev. St.
 
 ch. 85, sec. 18, 19, was only intended to meet the inconveniences of the disability or obstinacy of some of the tenants, and facilitate the Conveyance to a purchaser. It was never meant to in* terfere with the first rights of persons, not parties to the proceeding for partition, whether arising upon a claim of property by adverse title, or upon the lien of a creditor’s execution. For the decree for the sale, does not profess?
 
 *68
 
 in itself, to divest the title, out of the parties, but simply to order the sale of the thing, as their property. Nor does it profess to guarantee the title ; but, in the words of the Act, the sale is only to pass
 
 “
 
 such title, interest, and estate in the negro or chattel sold, as the joint tenants, or tenants in common had.” and, of course, under the liens or incumbrances, and in the plight in which they had it. It would be very mischievous, if an owner of property, belonging to more than one, should be declared able to exempt his share, from execution and immediate sale, by exhibiting a petition for partition, and procuring a decree for a sale, for that purpose. It would open a wide door .for frauds on executions. On the other hand, but little hardship is imposed on the purchaser, by treating this as the party’s own alienation, in law, as it substantially is, in point of fact. The contract is not conclusive until it be reported and confirmed by the Court, for the want of an objection, or of a sufficient objection to it. This gives the purchaser, in almost every instance, the certain opportunity of knowing before the sale is finally closed, ■whether there is an execution, of a teste that would overreach his purchase ; and if there be, he may have the contract rescinded. This plaintiff, indeed, had knowledge of the execution, and acted with his eyes open.
 
 But the
 
 opinion does not depend on that circumstance, but solely on the lien of the
 
 fieri facias.
 
 As the plaintiff’s knowledge of the execution did not add to its force against him, so, on the other hand, the confirmation of the sale, with the knowledge, and without the opposition of Cooper, did not impair the efficacy of his writ. The Court has already decided,
 
 ex parte Harding,
 
 3 Ired. 320, that Cooper could not intervene in that proceeding; and therefore, he could not object to the confirmation. Moreover, if that were otherwise, the sheriff might still insist on the justification to himself, by virtue of the writs in his hands.
 

 It is also, perhaps, proper to advert to the case of a decree for the sale of a lunatic estate; which it was held
 
 *69
 
 in
 
 Latham
 
 v.
 
 Wiswall, 2
 
 Ired. Eq. 294, would prevent a creditor from taking the property under an execution of a teste, subsequent to the date of the decree. It may be observed first, that there is a distinction between that case, and the present, in this: that there, it was found necessary to restrain the creditor by injunction, which implies that he had the right at law, to proceed on his execution. , But, the material difference is, that the jurisdiction of the Court of Equity is peculiar over the property of idiots and lunatics, and that it is the duty of the Court to dispose of it, or sell it as may be deemed the most advantageous for the support of the owner and his family, and the payment of his debts. The decree for sale, is therefore, in effect a proceeding
 
 in rem
 
 for the benefit of creditors, as well as of the helpless debtor ; and for both reasons the Chancellor is bound to sustain his decree, and the proceedings under it, against an attempt to render them ineffectual, and frustrate the administering of the effects under the directions of the Court.
 

 Per Cotiam. Judgment reversed, and judgment of non-suit, according to the agreement.