The plaintiffs purchased lands, described in the pleading, of Jesse L. Bryan, at a public sale in December, 1853.
At that time, as they allege, there were executions running upon a judgment against Bryan, obtained in October, 1851. At the sale the defendants (the sheriff, in whose hands were the writs of fi. fa., (607) combining) fraudulently represented the debts to be satisfied, and thus induced the plaintiffs to buy the land in question.
Notwithstanding the writs of fi. fa. were continuously sued out upon the judgment until January, 1857, when there was a levy upon the land, *Page 397 
a sale, and a purchase by Ritter, the plaintiffs charge a fraudulent combination on the part of Ritter and other defendants to encumber their title, and pray to have the cloud removed.
An exemplification of the entire record of the case of Ritter v. Bryan
has been filed as an exhibit, from which it appears that, although writs offi. fa. were regularly issued from the date of the judgment in 1851 to the sale in 1857, yet none of them purported to be alias writs, which we deem necessary in order to keep up a lien. Yarborough v. Bank, 13 N.C. 23;Palmer v. Clark, id., 356; Arrington v. Sledge, id., 359, and Harding v.Spivey, 30 N.C. 63. The discussion of this matter has generally arisen upon the question whether an alias as such would attach as a lien from the test of the original. It seems to have been a conceded point at all times that if it were not an alias the lien would not attach.
The law does not tolerate deception in its process, by which purchasers and creditors may be entrapped. If a creditor desires to continue his lien, he must cause the necessary writs to appear truly upon their face what he claims them to be, and each must go into the hands of the sheriff of the county where the property lies.
It has been held when a levy is made under a fi. fa., and a fi fa, again issues instead of a vend. exp., the lien is lost. When a fi. fa. purports to be an alias, but the original did not go into the hands of the sheriff, but was held up by the plaintiff, the lien does not extend beyond the teste of the alias. Where the alias and original were sent to different counties, the property not being in the county to which the original was sent, the alias was not a lien, except from its own teste. See (608) authorities already cited.
It will be seen from these principles that although at the time of the sale to the plaintiffs in 1853 the land was under the lien of a fi. fa. from October, 1853, to January, 1854, yet this lien was lost. The execution which issued from January to April, 1854, did not purport to be an alias, which was necessary, as we have seen, in order to impart to it efficacy as a lien from the teste of the previous writ. The fi. fa. under which the land was sold in 1857 was an original, and did not operate as a lien beyond its own teste.
We hold, therefore, that the title of the plaintiff is not obscured in such wise as to entitle him to call on this Court for aid. He may vindicate his rights in a court of law. The bill must be dismissed, but without costs except as to the defendant Worthy, who is entitled to costs.
NOTE. — The decree declares "that the defendants have no legal title to the land mentioned in the pleadings, and therefore are not trustees for the plaintiffs." Wherefore, it is ordered, etc., that the bill be dismissed, etc. — Reporter. *Page 398 
Under the Code of Civil Procedure an execution does not bind property, but the judgment itself binds land from the docketing, and personal property is bound only from the levy. So it makes no difference now whether an execution is issued as an original or an alias.